SCHWARTZ, Chief Judge.
A litigant in a pending case seeks a writ of prohibition disqualifying the presiding judge solely on the ground that opposing counsel is a member of the District Court of Appeal Nominating Commission from which the judge has unsuccessfully sought in the past and allegedly may in the future seek nomination to this court. It is clear that, as a matter of law, these allegations form no lawful basis for disqualification. 5-H Corp. v. Padovano, 708 So.2d 244 (Fla.1997) (disqualification not appropriate solely because judge has reported attorney or attorney has reported judge to relevant disciplinary agency); MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332 (Fla.1990) (disqualification no appropriate solely because of attorney’s campaign contribution), reversing, Breakstone v. MacKenzie, 561 So.2d 1164 (Fla. 3d DCA 1989) (en banc). Even an implication, much less the overt contention contained in the proceeding now before us, that either the lawyer-commissioner or the trial judge would, or might reasonably appear to be influenced by the other’s position, is scandalous and outrageous. This petition should not have been filed.
Prohibition denied.